FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8/15/2025
JEFFREY P. COLWELL, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. _____

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

## PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO PIN BUSINESS NETWORK, INC.

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer), by and through undersigned counsel, files this Motion to Compel Compliance with Subpoena Issued to third party PIN Business Network, Inc. in *Coomer v. Byrne et. al.*, Civil Action No. 8:24-cv-000008-TPB-SPF (M.D. Fla. 2024) (the Subpoena) pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i).

## INTRODUCTION

1. This Motion seeks to compel compliance with the Subpoena issued by Dr. Coomer to Non-Party PIN Business Network, Inc. (PIN) to Produce

1

Documents, arising from *Coomer v. Byrne et. al.*, Case No. 8:24-cv-00008-TPB-SPF (M. D. Fla. 2024).[1]

2. Over the course of several months since the Subpoena was served on April 14, 2025, Dr. Coomer has made numerous attempts to reach out to the various known counsels for PIN in an effort to avoid any potential dispute arising from PIN's compliance with the Subpoena. All of those efforts have been fruitless.

3. The CEO of PIN Business Network is Joe Oltmann (Oltmann), and this Motion represents the latest in Oltmann's contempt for the rule of law and his yearslong efforts to escape accountability for his conduct. Most recently, Oltmann was sanctioned by the Tenth Circuit for filing a baseless appeal[2] of Judge Martinez's Contempt Order in related proceeding *Coomer v. Make Your Life Epic, LLC dba Thrivetime Show et. al.,* Case no. 1:21-cv-03440-WJM-KAS.[3] Both Oltmann and his counsel have also been repeatedly sanctioned by both the Denver District Court[4] and the Colorado Court of Appeals[5] arising from various discovery violations in related proceedings there as well.

---

[1] **Exhibit 1**.

[2] **Exhibit 2**, *Coomer v. Make Your Life Epic, LLC et. al.*, No. 24-1390 (10th Cir., June 18, 2025).

[3] **Exhibit 3**, *Coomer v. Make Your Life Epic, LLC et. al.*, 21-cv-3440-WJM-KAS, Order Overruling Joseph Oltmann's Objections and Adopting as Modified the Magistrate Judge's Recommendation (Sep. 4, 2024).

[4] **Exhibit 4**, *Coomer v. Donald J. Trump for President, Inc. et. al.*, Case No. 2020cv34319, Order Regarding Plaintiff's Motion for Sanctions Pursuant to CRCP 37 and CCP 107 and Request for Order to Show Cause (Denver Dist. Ct. Aug. 29, 2021); **Exhibit 5**, *Id.*, Order Regarding Plaintiff's Second Motion for Sanctions Against the Oltmann Defendants Pursuant to C.R.C.P. 37 (Oct. 12, 2021); **Exhibit 6**, *Id.*, Sanctions Order Against Defendant Oltmann and Counsel (Mar. 22, 2022).

[5] **Exhibit 7**, *Coomer v. Oltmann et. al.*, Order of the Court, 2021CA1481 (Colo. App. 2022).

4.   Dr. Coomer requests an Order compelling disclosure of the documents requested herein, and related sanctions for PIN's knowing and deliberate refusal to comply with the Subpoena.

## PROCEDURAL HISTORY

5.   On April 9, 2025, Dr. Coomer issued a Subpoena to Produce Documents to PIN Business Network, Inc., arising from *Coomer v. Byrne et. al.*, Case No. 8:24-cv-00008-TPB-SPF (M. D. Fla. 2024).[6]

6.   PIN's principal place of business is 6568 S. Racine Circle, Centennial CO 80111.[7] Its registered agent is located at 44 Cook Street, Suite 100, Denver, CO 80206.[8] The subpoena was personally served on the registered agent for PIN Pacific Registered Agents, Inc., on April 14, 2025.[9]

7.   The Subpoena arose from documents produced by Defendants in that proceeding, including various emails with Oltmann and other individuals utilizing @pinbn.com email addresses.[10] Specifically, those documents indicated that PIN was retained to create a website that hosted a film called *The Deep Rig*.[11] Dr. Coomer alleges this film defamed him through publication of false claims that

---

[6] **Exhibit 1**.

[7] **Exhibit 8**, PIN Business Network, Inc. Statement of Foreign Entity Authority (June 24, 2025).

[8] *Id.*

[9] **Exhibit 9**.

[10] *See, e.g.*, **Exhibit 10**, various emails disclosed by Defendant The America Project to and from joe@pinbn.com, chris@pinbn.com, and keith@pinbn.com.

[11] *Id.*, p. 3.

3

he partook in an "Antifa conference call," claimed on that call to have rigged the 2020 presidential election, and did in fact rig the election.

8. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), the deadline for PIN to assert objections to the subpoena was April 28, 2025. PIN did not assert any objections or otherwise respond to the Subpoena in any way.

9. The Subpoena set a deadline for document production, allowing until April 28, 2025, for PIN to produce responsive documents.[12] PIN did not do so.

10. On May 13, 2025, undersigned counsel reached out to Mark Sares, the then counsel of record for both Oltmann and Shuffling Madness Media dba Conservative Daily in related proceeding *Coomer v. Donald J. Trump for President, Inc.*, Case No. 2020cv34319.[13] Undersigned counsel provided copies of both the Subpoena and the affidavit of service on PIN, and inquired when to anticipate responsive documents.[14] Upon information and belief, PIN is one of various entities that are owned or operated by Shuffling Madness Media.

11. One week later, on May 20, 2025, Mr. Sares responded, indicating that he did not represent PIN and did not know who did.[15]

---

[12] **Exhibit 1**, p. 1.
[13] **Exhibit 11**, *Coomer v. Donald J. Trump for President, Inc. et. al.*, Entry of Appearance (June 15, 2023).
[14] **Exhibit 12**, Emails to Mark Sares (May 13-20, 2025).
[15] *Id.*, p. 1.

12. Following Mr. Sares' denial of representation, undersigned counsel reached out to Randy Corporon, an attorney who had entered an appearance on behalf of Oltmann in Oltmann's appeal of Judge Martinez's Contempt Order in related proceeding *Coomer v. Make Your Life Epic et. al*.[16] The email included copies of both the Subpoena and the affidavit of service.[17] Mr. Corporon did not respond to the email. The Tenth Circuit would later find that Corporon had violated Tenth Circuit Rule 46.5 in connection with his filing of the Oltmann appeal. Further, the Tenth Circuit ordered Oltmann to pay all of Dr. Coomer's fees and costs associated with filing his Answer Brief.[18]

13. Two days later, undersigned counsel reached out to Joseph Orrino, another attorney who had previously been identified in related cases as counsel for PIN. During a phone conversation, Mr. Orrino indicated that he no longer represented PIN, but he would reach out to Oltmann. Mr. Orrino did not respond to a follow up email that again attached the Subpoena and the related affidavit of service.[19]

14. Dr. Coomer subsequently had a two-week jury trial in related proceeding *Coomer v. Lindell et. al.*, and his counsel was temporarily unavailable

---

[16] **Exhibit 13**, *Coomer v. Make Your Life Epic et. al*., Entry of Appearance and Certificate of Interested Parties (Oct. 22, 2024).

[17] **Exhibit 14**, Email to Randy Corporon (May 20, 2025).

[18] *See* **Exhibit 2**, pp. 14-16.

[19] **Exhibit 15**, Email to Joseph Orrino (May 22, 2025).

to follow up on these various inquiries. Discovery in the Florida proceeding was also temporarily stayed pending resolution of an unrelated matter.

15. After the stay on discovery was lifted in the Florida proceeding, Dr. Coomer again renewed his efforts to obtain compliance with the Subpoena. On July 28, 2025, undersigned counsel reached out to Andrea Hall, who had recently entered an appearance on behalf of both Oltmann and Shuffling Madness Media in *Coomer v. Donald J. Trump for President, Inc. et. al.*[20] Undersigned counsel provided Mrs. Hall with a copy of the Subpoena and the affidavit of service, recounted his various efforts to reach out to all of PIN's various other known counsels, and requested that Ms. Hall provide some information as to when or if PIN intended to comply with the Subpoena.[21]

16. On July 30, Ms. Hall responded, wherein she indicated that she did not represent PIN, but she would "talk with Mr. Oltmann and get you an answer before the end of the week."[22]

17. The following Monday, August 4, undersigned counsel again reached out to Ms. Hall.[23] She responded shortly thereafter, stating, "I am not the attorney for this business. I have reached out to Mr. Oltmann as I said I would and I am

---

[20] **Exhibit 16**, Substitution of Counsel (June 21, 2025).

[21] **Exhibit 17**, p. 2.

[22] *Id.*, p. 1.

[23] *Id.*

6

doing my best to get this issue resolved. I will get back to you as soon as I can."[24] Ms. Hall never followed up on that communication.

18. Dr. Coomer's months of good faith efforts on multiple fronts have been fruitless, and at this point the evidence suggests that PIN, through Oltmann, is aware of the Subpoena and is deliberately refusing to respond.

## LEGAL STANDARD

19. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or organize them and label them to correspond to the categories in the demand. F.R.C.P. 45(c)(1)(A). A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must expressly make the claim and describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. F.R.C.P. 45(c)(2)(A)(i-ii).

20. "Under the Federal Rules of Civil Procedure discovery is generally broad and generous." *Luppino v. Mercedes-Benz Financial Servs. USA, LLC*, 2013 WL 1844075 at *6 (E.D. Mich. Apr. 11, 2013) (*citing William Beaumont Hosp. v. Medtronic, Inc.,* No. 09–11941, 2010 WL 2534207 at *7 (E.D. Mich. June 18,

---

[24] *Id.*

7

2010). Indeed, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1). "As the Supreme Court has instructed, because discovery itself is designed to help define and clarify the issue, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Conti v. American Axle and Mfg., Inc.,* 326 Fed. Appx. 900, 904 (6th Cir.2009).

21. At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. F.R.C.P. 45(d)(2)(B)(i).

## ARGUMENT

### A.  *The documents requested.*

22. Dr. Coomer requested ten (10) categories of documents from PIN. These requests pertain to any of PIN's communications relevant to production of *The Deep Rig* (the Film),[25] PIN's communications with the producers of the Film,[26] communications with agents of Defendant The America Project, who retained PIN

---

[25] Exhibit 1, p. 9, ¶ 1.
[26] *Id.* ¶¶ 2-4.

8

to create a website to host the Film,[27] communications with the Film's director,[28] documents memorializing any agreement(s) between PIN and the Defendants in *Coomer v. Byrne et. al.*,[29] and documents reflecting viewership of the Film through PIN's platform(s).[30]

### B. *The documents requested are relevant.*

23. As noted, PIN made no response the Subpoena within the timeframe allowed by Federal Rule of Civil Procedure 45, or even thereafter despite multiple good faith efforts at conferral. As a result, they have waived any potential objections to the documents sought. Nonetheless, Dr. Coomer anticipates PIN will attempt to assert a variety of baseless objections if and when it is compelled to respond. These anticipated falsehoods include, but are not limited to, claims that PIN did not receive the Subpoena, claims that PIN is not actually located in Colorado, claims that PIN did not or does not have counsel capable of responding, claims that PIN had no involvement with the Film, claims that the documents requested do not exist, and/or claims that the documents requested are irrelevant. Some of these matters have already been addressed above, but Dr. Coomer will briefly address some others in an effort to streamline any potential dispute.

---

[27] *Id.* ¶ 4.
[28] *Id.* ¶ 5.
[29] *Id.* ¶¶ 6-7.
[30] *Id.* ¶¶ 8-10.

9

24. The Film stars PIN's CEO, Oltmann, and hinges on false claims that Dr. Coomer rigged the 2020 presidential election through his former employment with Dominion Voting Systems. Another division of this Court transferred this case to the Middle District of Florida, where Judge Barber subsequently denied the Defendants' Motions to Dismiss.[31]

25. Discovery conducted to date has established portions of PIN's involvement with marketing and distributing the Film. For example, Defendant Byrne has produced text messages with Oltmann wherein Oltmann states he "really want[s] to get marketing Goign for thedeeprig,"[32] emails from multiple agents of The America Project referring to the contract with PIN to host the Film, revenue generated pursuant to that contract, consumer data collected by PIN for TAP, and viewership numbers for the Film as a result of PIN's efforts.[33]

26. This information all speaks to various actual malice factors relevant to Dr. Coomer's underlying claim for defamation against Defendants. These factors include, but are not limited to, Defendants' profit motive in defaming Dr. Coomer, as well as the nature of the investigation, if any, that Defendants conducted into Oltmann's claims about Dr. Coomer. The documents requested

---

[31] **Exhibit 18**, Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Jan. 14, 2025).
[32] **Exhibit 19**, Text messages between Byrne and Oltmann (Sep. 28, 2021).
[33] *See* **Exhibit 10**.

also address the spread of the defamatory publication, which is relevant to Dr. Coomer's claims for damages.

27.     Actual malice can be inferred from objective circumstantial evidence, which can override a defendant's protestations of good faith.  *Brown v. Petrolite Corp.*, 965 F.2d 38, 46-47 (5th Cir. 1992).  Circumstantial evidence of actual malice can include when a defendant relies on anonymous sources;[34] when a defendant has reason to know that a source is unreliable;[35] when the allegations made are so inherently improbable that only a reckless person would publish them;[36] when a defendant intentionally avoids the truth;[37] when a defendant's allegations conform to a preconceived storyline;[38] and when a defendant has an incentive or motive to make the defamatory statements.[39]

28.     The documents requested here are likely to shed light on one or more of these factors.

---

[34] *Id.*; *Eramo v. Rolling Stone, LLC*, 209 F. Supp. 3d 862, 872 (W.D. Va. 2016).

[35] *St. Amant*, 390 U.S. at 732; *Celle v. Filipino Rep. Enters., Inc.*, 209 F.3d 163, 190 (2d Cir. 2000); *Wells v. Liddy*, 186 F.3d 505, 542–43 (4th Cir. 1999); *Zimmerman v. Al Jazeera Am., LLC*, 246 F. Supp. 3d 257, 283 (D.D.C. 2017); *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 590 (D.C. Cir. 2016).

[36] *St. Amant*, 390 U.S. at 732; *Spacecon Specialty Contractors, LLC. v. Bensinger*, 782 F. Supp. 2d 1194, 1201 (D. Colo. 2011), *aff'd sub nom. Spacecon Specialty Contractors, LLC v. Bensinger*, 713 F.3d 1028 (10th Cir. 2013); *Lohrenz v. Donnelly*, 223 F. Supp. 2d 25, 46 (D.D.C. 2002), aff'd., 350 F.3d 1272 (D.C. Cir. 2003).

[37] *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 693 (1989); *Kuhn v. Trib.-Republican Pub. Co.*, 637 P.2d 315, 319 (Colo. 1981); *Burns v. McGraw-Hill Broad. Co., Inc.,* 659 P.2d 1351, 1361 (Colo. 1983).

[38] *Harris v. City of Seattle*, 152 Fed. App'x 565, 568 (9th Cir. 2005); *Gilmore v. Jones*, 370 F. Supp. 3d 630, 674-75 (W.D. Va. 2019); *Eramo*, 209 F. Supp. at 872.

[39] *See Brown v. Petrolite Corp.*, 965 F.2d 38, 47 (5th Cir. 1992).

## REQUEST FOR SANCTIONS PURSUANT TO F.R.C.P. 45(g)

29. The court for the district where compliance is required may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. F.R.C.P. 45(g).

30. In January 2025, Dr. Coomer requested the Court's assistance in scheduling a deposition of Oltmann for this case to be held in the federal courthouse. These precautions are necessary given Oltmann's frequent threats of violence. Oltmann has previously been ordered to appear for depositions in the courthouse on three separate occasions in related proceedings for the same reason.[40] On January 30, 2025, any Colorado related proceedings arising from this case were randomly assigned to Hon. Judge Wang.[41]

31. Oltmann and his related entities are serial offenders of their discovery obligations in this and related proceedings. In fact, Oltmann bears the unique distinction of having been sanctioned by the Denver District Court, the Colorado Court of Appeals, as well as being sanctioned and held in contempt by the District Court for the District of Colorado, and the Tenth Circuit Court of Appeals.

---

[40] The documentation relating to these Orders is too scattered and voluminous to attach here, but *see generally* **Exhibit 3**, p. 6 with reference to Judge Starnella's order for Oltmann to appear for his deposition in the courthouse in related proceeding *Coomer v. Make Your Life Epic LLC et. al.* Oltmann was similarly ordered to appear for a deposition in the Denver District Courthouse in related proceeding *Coomer v. Donald J. Trump for President, Inc. et. al.*, and again in the Alfred A. Arraj Courthouse in *Coomer v. Lindell et. al.*

[41] **Exhibit 20**, p. 10, Doc. 99.

12

32. The conferral history outlined above leaves no doubt that PIN has been repeatedly apprised of the Subpoena and simply refuses to respond or comply in any way.

33. Dr. Coomer, therefore, requests an award of fees and costs associated with the filing of this Motion and any related Reply, or associated briefing arising from any frivolous objections, compelling disclosure of all requested documents by a date certain, and establishing coercive sanctions of no less than $1,000/day for non-compliance with the Court's order.

## CONCLUSION

For the reasons stated herein, Plaintiff Eric Coomer, Ph.D. prays that this Court issue an order compelling PIN Business Network, Inc. to comply with the Subpoena and produce responsive documents via email to Dr. Coomer's counsel not later than fourteen (14) days following entry of an order hereon. Eric Coomer, Ph.D. similarly requests an order awarding his fees and costs associated with this filing. Eric Coomer, Ph.D. prays for such other relief to which he may be entitled.

Respectfully submitted this 15th day of August 2025.

    */s/ Bradley A. Kloewer*
Charles J. Cain, CO No. 51020
ccain@cstrial.com
Bradley A. Kloewer, CO No. 50565
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011/512-477-5011 (Fax)
**ATTORNEYS FOR PLAINTIFF**

14