# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

## EXHIBIT 1
## PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO PIN BUSINESS NETWORK, INC.

---

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Middle District of Florida, Tampa Division

Eric Coomer, Ph.D.,  
*Plaintiff*                                                                    )
                                                                                       )
v.                                                                                  )
Patrick Byrne, Steven Lucescu, and                              )          Civil Action No. **8:25-cv-00008-TPB-SPF**
The America Project, Inc., a Florida non-                     )
profit corporation,                                                      )
*Defendants*                                                              )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   PIN Business Network, Inc. 6568 S. Racine Circle, Centennial, CO 80111

☒ *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place:   **Cain & Skarnulis PLLC** | **Date and Time:** | **April 28, 2025** |
|---|---|---|
| **P. O. Box 1064** |  | **10:00 am (mdt)** |
| **Salida, CO 81201** |  |  |
| **719-503-3011** |  |  |

☐ *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 9, 20925

*CLERK OF COURT*

OR

_____                     */s/ Bradley A. Kloewer*_____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing **Eric Coomer, Ph.D.** who issues or requests this subpoena, is:        Bradley A. Kloewer, Cain & Skarnulis PLLC, P. O. Box 1064, Salida, CO 81201
bkloewer@cstrial.com; sbeam@cstrial.com

### Notice to the person who issues or requests this subpoena:
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

**Civil Action No. 8:24-cv-00008-TPB-SPF**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |
|---|---|---|---|

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

**EXHIBIT A TO SUBPOENA**

---

1.    "Plaintiff" or "Dr. Coomer" means Eric Coomer, Ph.D., as well as any and all current or former agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on his behalf.

2.    "You," "your," or "yourself" refers to the entity upon whom the subpoena is served, as well as any and all current or former agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on its behalf.

3.    "Defendants" collectively refers to Patrick Byrne, Steven Lucescu, and The America Project, as well as any affiliated entities, subsidiaries, or parent companies and/or any and all current or former officers, directors, agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on their behalf.  Individual reference to one Defendant named in this lawsuit refers specifically to that Defendant, as well as any affiliated entities, subsidiaries, or parent companies and/or any and all current or former officers, directors, agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on that Defendant's behalf.

4.    "Oltmann" means Joseph (Joe) Oltmann, as well as any and all current or former agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on his behalf.

5.      "Film" or "the Film" means *The Deep Rig*, the film produced by Patrick
        Byrne and Steven Lucescu that is the subject of this litigation.

6.      "Mobile device" means any cellular telephone, satellite telephone, pager,
        personal digital assistant, handheld computer, electronic rolodex, walkie-
        talkie, or any combination of these devices.

7.      "Person" means any natural person, corporation, firm, association,
        partnership, joint venture, proprietorship, governmental body, or any other
        organization, business, or legal entity and all predecessors or successors in
        interest.

8.      "Communication" has its common and usual meanings in plain English, and
        means any communication between two or more parties as a reasonable
        person would understand, and includes any transfer of information, ideas,
        beliefs, statements, opinions or thoughts by any means, electronic, written,
        oral or otherwise, at any time or place under any circumstances including,
        but not limited to, letters or correspondence, conversations, meetings,
        discussions, telephone calls, emails, telegrams, telecopies, telexes,
        messages, notes or memoranda. The definition is not limited to transfers
        between persons but also includes other transfers, such as records and
        memoranda to file; any written letter, memorandum, or other document
        which was sent by one or more individuals to another or others; any
        telephone call between one or more individual and another or others,
        whether such call was by chance or prearranged, formal or informal; and any
        conversation or meeting between one or more individuals and another,
        whether such contact was by change or prearranged, formal or informal.
        This definition also includes all transcripts, summaries, electronic
        recordings, audio tapes and audio files constituting, reflecting, or
        transcribing such communications.

9.      "Document" or "documents" mean any recordation of any intelligence or
        information, whether handwritten, typed, printed or otherwise visually or
        aurally produced, including, without limitation, agreements, contracts,
        warranties, insurance policies, forms, acknowledgments, invoices, letters,
        correspondence, memoranda, telegraphs, notes, reports, compilations,
        electronically stored data, emails, notebooks, appointment books,
        calendars, work papers, worksheets, photographs, diaries, minutes of
        meetings, magnetic tape, movie files, microfilm, microfiche, videotapes,
        print out sheets, summaries or records of telephone conversations, personal
        conversations or interviews and any and all other writings, typings,
        printouts, drafts, copies and/or mechanical electronic, or photographic

2

reproductions or recordations thereof in your, your agent's, or your attorney's possession, custody, or control, or known to you whether or not prepared by you. "Document" or "documents" also includes all copies that are not identical to the originals, such as those bearing marginal comments, alterations, or other notations not present on the original as originally written, typed, or otherwise prepared.

10. "Identity" and "identify" unless otherwise indicated, means with respect to an individual to give the following information:

    (a)    full name;
    (b)    present or last known home address and phone number;
    (c)    present or last known business address and phone number; and
    (d)    title, if any.

11. "Identity" and "identify" unless otherwise indicated, when used with respect to any act, activity, practice, effort, event, transaction, discussion, conversation, occurrence, meeting, agreement, or communication means to:

    (a)    describe the nature and substance of the act, activity, practice, effort, event, transaction, negotiation, discussion, conversation, occurrence, meeting, agreement, or communication;
    (b)    give the date when and place where it occurred;
    (c)    identify each person who was a participant therein;
    (d)    identify each other person who was a witness thereto; and
    (e)    if any such event is claimed to be privileged or work product, in addition to the foregoing information, state as to each:
        (i)    a general description thereof, without revealing the specific information as to which privilege is claimed; and
        (ii)    the basis on which the claim of privilege is asserted.

12. "Relating to," "referring to," or "concerning" mean including, summarizing, demonstrating, constituting, reflecting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

13. "State" and "describe" mean to set forth a complete and detailed statement of all information, circumstances, and facts that related to the matter about which information is requested.

14. The use of "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of these discovery requests all information that might otherwise be construed to be outside its scope. The

3

singular shall include the plural and vice versa. The use of the masculine shall be deemed to include the feminine as appropriate, and vice versa. The use of a verb in any tense shall be construed as the use of a verb in all other tenses whenever necessary to bring within the scope of these Requests for Production matters that might otherwise be construed to be outside their scope.

15.    The term "including" shall mean "including, but not limited to."

## INSTRUCTIONS

1.    Unless otherwise specified herein, each request relates to, covers, and requests information and documents from February 1, 2021, to the present.

2.    If a claim of privilege is asserted with respect to any discovery request, in whole or in part, or you refuse to answer any discovery request on any other ground, specify the exact basis for your claim that such discovery request need not be answered.  If the refusal is based on an assertion of privilege, pursuant to Federal Rule of Civil Procedure 26(b)(5), produce a privilege log to:

   (a)    describe the items withheld such that the parties can assess the applicability of the privilege; and
   (b)    assert a specific privilege for each item or group of items withheld.

3.    If, in answering any of the interrogatories, you contend or believe that there is any ambiguity in construing either the request or the applicable definition or instruction, set forth in the answer to such interrogatory the matter deemed ambiguous and the construction, if any, selected or used in answering the request.

4.    Each request for production is to secure documents in the possession, custody, or control of you, or your agents, employees, officers, investigators, consultants, and other representatives.  When a request for production is directed to you, it is also directed to each of these persons.

5.    In those instances when requested information is stored only on software or other data compilations, you should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys, and indices for interpretation of the material.

4

6.  In making documents available, all documents which are physically attached to each other in files shall be made available in this form.  Documents which are segregated or separated from other documents whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be made available in that form.  Documents shall be made available in the order in which they were maintained.

7.  If any portion of a document is responsive to a request, the entire document should be produced.  If documents that are produced in response to a request are normally kept in a file or other folder, then also produce that file or folder with any labels attached thereto.

8.  If a request calls for the production of a document that no longer exists, cannot be located, has been placed beyond your control, or otherwise disposed of, set forth with respect to each such document:

    (a)  the author of the document;
    (b)  the addressee, if any, and those persons, if any, who have seen or received a copy of the document or who are specified in the document to receive a copy thereof;
    (c)  the title of the document, if any, or other identifying data;
    (d)  the type of document (*i.e.*, letter, memorandum); and
    (e)  a summary of its nature and subject matter.

9.  With respect to production of e-mails or other electronic communications, the data is hereby requested in the following format:

    (a)  OCR multipage text files, in a folder named "OCR";
    (b)  Load file .opt or .log;
    (c)  Metadata associated with the documents in a .dat file;
    (d)  Native File;
    (e)  Summation Load File (.dii), Concordance Load File (.dat), Ipro Load File (.lfp); and
    (f)  Metadata, including:

| 1. To | 11. Date Created |
|---|---|
| 2. From | 12. Date Modified |
| 3. CC | 13. Date Printed |
| 4. BCC | 14. Filename |
| 5. Date/Time Sent | 15. MD5/SHA1 Hash Value |
| 6. Date/Time Received | |
| 7. Subject | 16. Author |
| 8. Attachment File name | 17. Organization |
| | 18. Title |

5

| | | | |
|---|---|---|---|
| 9. | Email/Attachment Relationship Information | 19. | File Size |
| | | 20. | Custodian |
| 10. | Message ID | 21. | Source |

## DOCUMENTS REQUESTED

1.  All communications written, sent, or received by you or anyone acting on your behalf between February 1, 2021, and the present, including, but not limited to, Joseph Oltmann, Chris Wiegand, Keith Sawarynski, and/or Lyn Duden, relating to production, promotion, or distribution of *The Deep Rig*.

2.  All communications between you or anyone acting on your behalf and Patrick Byrne between February 1, 2021, and the present.

3.  All communications between you or anyone acting on your behalf and Steven Lucescu between February 1, 2021, and the present.

4.  All communications between you or anyone acting on your behalf and The America Project, or anyone acting on its behalf, between February 1, 2021, and the present, including, but not limited to, communications with Faaiz Khan, Carl Johnson, and Joseph Flynn.

5.  All communications between you or anyone acting on your behalf and Roger Richards between February 1, 2021, and the present.

6.  All contracts or agreements with The America Project, or anyone acting on its behalf, relating to hosting, distribution, or promotion of *The Deep Rig*.

7.  All documents reflecting any agreement to manage any website or social media account that hosted *The Deep Rig*, including, but not limited to, americaproject.com, deeprig.americaproject.com, deeprigmovie.online, or thedeeprig.movie.

8.  Analytics information related to each website or social media account that hosted *The Deep Rig* between June 1, 2021, and the present, including, but not limited to, Google Analytics, Facebook Page Insights, Twitter Analytics, Rumble Stats and Analytics.

9.  All documents reflecting any revenue generated for The America Project using the donations portal you managed in conjunction with hosting *The Deep Rig*.

10. All documents reflecting any viewer data you collected for The America Project, including, but not limited to, financial records, donation records, membership forms, and any related records associated with any donation portal for *The Deep Rig*.

6