IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-mc-00074-DDD-TPO

ERIC COOMER, Ph.D,

    Movant,

v.

PIN BUSINESS NETWORK, INC.,

    Respondent.

---

## MINUTE ORDER

**Entered by Timothy P. O'Hara, United States Magistrate Judge, on August 26, 2025.**

    This matter comes before the Court upon Plaintiff's Motion to Compel Compliance with Subpoena Issued to PIN Business Network, Inc. ECF 1.

    Underlying the Motion is a lawsuit pending in the Middle District of Florida, Civil Action No. 8:24-cv-000008-TPB-SPF.

    At issue here is a subpoena that the plaintiff to that Middle District of Florida lawsuit, Dr. Coomer, issued to PIN Business Network, Inc. Because PIN Business Network, Inc., is not a party to that lawsuit, Dr. Coomer issued the subpoena pursuant to Fed. R. Civ. P. 45. Dr. Coomer submits the subpoena at ECF 1-2.

    Dr. Coomer explains in his Motion to Compel the steps he took to give PIN Business Network, Inc. notice of the subpoena. His efforts to secure compliance with the subpoena failed, and he now moves to compel compliance. Because PIN Business Network, Inc. is located in the District of Colorado, Dr. Coomer files his Motion here.

    Fed. R. Civ. P. 45(d)(2)(B)(i) permits Dr. Coomer as the serving party to "move the court for the district where compliance is required for an order compelling production." The rule that governs motions to compel is Fed. R. Civ. P. 37. One of the procedural requirements for bringing a motion to compel is "notice to other parties and all affected persons" as well as conferral. Fed. R. Civ. P. 37(a)(1). This is echoed in Fed. R. Civ. P. 45(d)(2)(B)(i) which requires "notice to the commanded person." *Conners v. Kathy*, No. 2:19-cv-07147-JWH-SHK, 2023 WL 8870543, at *7 (C.D. Calif. Oct. 20, 2023) (noting how Fed. R. Civ. P. 45(d)(2)(B)(i) requires notice of a motion to compel to the subject non-party).

While the Motion details Dr. Coomer's efforts to seek compliance with the subpoena, there is no indication that Dr. Coomer notified PIN Business Network, Inc. <u>of the Motion</u>. As this Court notes above, Dr. Coomer must provide notice of the Motion. *See also*, *Thompson Properties, LLC v. Farmers State Bank*, 2023 WL 9118646 (W.D. Mich. Dec. 5, 2023) (noting how nothing in the movant's certificate of service or elsewhere in the docket indicates that the movant served its motion on the non-party), *Garrett v. Ambers*, No. 3:22-cv-00256-DJH-LLK, 2025 WL 1594286, at *2 (W.D. Ky. June 5, 2025) (noting Rule 37's requirement to provide notice to the non-party subject of a motion to compel). This is consistent with general due process concerns of fair notice and opportunity to be heard. *See Heselton v. Espinoza*, No. 21-cv-1592-DWD, 2023 WL 4132999, at *2 (June 22, 2023) (noting the movant's failure to provide the non-party subject of the Rule 45(g) motion with a copy of it).

To correct this procedural deficiency and to avoid any doubt about the non-party's awareness of it, <u>Dr. Coomer shall provide a copy of the Motion and this Minute Order to PIN Business Network, Inc</u>.

<u>Thereafter Dr. Coomer shall file a notice of that service onto the case docket sheet.</u>

**This Court hereby instructs PIN Business Network, Inc. that it has <u>twenty-one (21) days from the date of service</u> of the instant Motion [ECF 1] to respond. Should PIN Business Network, Inc. not respond to the Motion [ECF 1], then the Motion may be granted as a matter of default.**